LOUIS FAVA ET AL. *v.* CHARLES ARRIGONI ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 028550
                 MIDDLESEX AT MIDDLETOWN

Memorandum filed January 17, 1979

*John L. Calvocoressi,* for the plaintiffs.

*Robinson, Robinson & Cole,* for the named defendant et al.

*Shaw & Howard,* for the defendant John D'Orio.

ROTTMAN, J. The plaintiffs purchased a new home from a now defunct Connecticut corporation which was the primary contractor for that home. The defendants were subcontractors of the primary contractor and installed the sanitary system. The plaintiffs, alleging that that installation was defective, have brought an action in three counts against the defendants. Count one, the subject of the motion to strike presently before the court, is based on a violation of an implied warranty within the purview of both chapter 827 and § 52-563a of the General Statutes.

The defendants' motion to strike is based on two grounds. First, the defendants assert that the cause of action based upon § 52-563a does not include them within its scope. Second, the defendants claim that the plaintiffs failed to allege that the defendants either built the dwelling in issue or sold it to the plaintiffs.

The dilemma behind the entire first count is the fact the original public act, Public Acts 1975, No. 75-637 (hereinafter P.A. 75-637), was codified under two different titles of the General Statutes. P.A. 75-637 contained six sections. The first five sections were new and were codified as chapter 827 of the General Statutes, §§ 47-116—47-120. Section six of P.A. 75-637 was not new, but was a revision of an earlier section, Public Acts 1963, No. 385, which was codified as General Statutes § 52-563a. Thus, when P.A. 75-637 was codified, it became new chapter 827, except for § 6, which remained as § 52-563a. The issue then is whether § 6 should be construed as part of the first five sections, an interpretation which is favorable to the plaintiffs, or as a distinct statutory section, to the advantage of the defendants.

It should be noted that the codification of a public act of the state is an administrative duty of the legislative commissioners. General Statutes § 2-56 (g). It is within their discretion to arrange and codify public acts; they are not lawmakers. Public acts and statutes are synonymous. At least one case has implicitly used the words interchangeably. *McAdams* v. *Barbieri,* 143 Conn. 405, 424-25. The identity of terms is significant when case law is examined because the case law always speaks in terms of "statutes" rather than "public acts" when dealing with construction.

The law is clear in Connecticut. Separate parts of an act should, so far as possible, be reconciled

and given a reasonable construction. *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 621. Further, a statute (act) should not be interpreted in any way to thwart its purpose. *Evening Sentinel* v. *National Organization for Women,* 168 Conn. 26, 31. In the case at bar, the purpose of P.A. 75-637 is to afford protection to new home buyers. Any other interpretation would thwart the purpose of that act as well as the intent of the legislature.

A statute (act) should be construed so as to give effect to legislative intent. *Sillman* v. *Sillman,* 168 Conn. 144, 147. It is a court's duty to carry out the intention of the legislature as expressed in the statutes (acts) it has enacted. *Water Resources Commission* v. *Connecticut Sand & Stone Corporation,* 170 Conn. 27, 34.

The analysis herein should suggest that § 6 of P.A. 75-637, now General Statutes § 52-563a, defines its terms in a manner consistent with other sections of P.A. 75-637 and with the legislature's intent. Section 6 should define its terms in accordance with § 1 of P.A. 75-637, now General Statutes § 47-116, as the plaintiffs argue. This construction is made more obvious by the omission of any definitions in chapter 925 of the General Statutes, the chapter in which § 6 of P.A. 75-637 (§ 52-563a) is found.

*Coburn* v. *Lenox Homes, Inc.,* 173 Conn. 567, cited by the defendants, does not apply to the plaintiffs' first count. *Coburn* involved the second purchaser of a home. Section 47-116, the definitional section of P.A. 75-637, clearly states that "purchasers" means the original buyer, his heirs or designated representatives.

Thus, when all the sections of P.A. 75-637 are properly construed as a single comprehensive act, the defendants' motion to strike loses its foundation.

The defendants' first allegation, that they are not vendors within the meaning of § 52-563a, is without merit. Section 52-563a must be read with its first five sections, §§ 47-116—47-120. In § 47-116, "vendor" is defined to include "any person engaged in the business of erecting or creating an improvement on real estate." The defendants in this case are within that definition of "vendor."

Similarly, the defendants' second contention also must fail. The defendants, as vendors within §§ 47-116—47-120 and § 52-563a, were adequately cited in the plaintiffs' complaint.

For the reasons stated herein, the defendants' motion to strike is denied.