J & J Enterprises of Lenoir, Inc. *v.*
Neil B. Shaw et al.
(10866)

Speziale, C. J., Peters, Healey, Parskey and Shea, Js.

Argued March 10—decision released June 14, 1983

*Richard C. Jacobson,* for the appellant (named defendant).

*Elizabeth A. Dorsey,* with whom, on the brief, were *William F. Gallagher* and *David B. Greenberg,* for the appellee (plaintiff).

Per Curiam. This is an appeal from a judgment rendered against the defendant Neil B. Shaw, holding him personally liable for the unpaid balance on a contract entered into with the plaintiff. The parties agree, and the trial court found, that between August and December of 1976, Shaw negotiated a series of contracts with the plaintiff to purchase furniture for use in a restaurant in New Haven. There is also agreement that $6257.90 of the contract price remains unpaid. The trial court found that "through the whole course of dealings between the plaintiff Davis [sic] and the defendant Neil Shaw . . . Shaw held himself out as purchasing the furniture on his own behalf. So finding, the court holds the defendant Neil Shaw personally liable for the unpaid balance of the bill."[1]

---

[1] The plaintiff here is a corporation, J & J Enterprises of Lenoir, Inc. James D. Davis was the owner, president, stockholder, and director of the plaintiff corporation at the time of the negotiation and performance of the contract.

The defendant Shaw's claim on appeal is that there was "neither sufficient nor credible evidence from which one could reasonably conclude that the individual defendant, Neil B. Shaw, was acting on his own behalf."

"The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. See *Styles* v. *Tyler,* 64 Conn. 432, 450, 30 A. 165 (1894)." *Kaplan* v. *Kaplan,* 186 Conn. 387, 391, 441 A.2d 629 (1982). This court may reject a factual finding only if it is clearly erroneous, that is, if the finding is "unsupported by the record, incorrect, or otherwise mistaken." *Kaplan* v. *Kaplan,* supra, 392; *Garrison* v. *Garrison,* 190 Conn. 173, 176, 460 A.2d 945 (1983); see Practice Book § 3060D; *Reynolds* v. *Soffer,* 190 Conn. 184, 189, 459 A.2d 1027 (1983).

The plaintiff's president testified that after receiving two checks from Shaw drawn on what were apparently corporate bank accounts, he telephoned Shaw to express concern about the transaction. He testified that Shaw told him, "I have lots of corporations. And you will be receiving payments from all kinds of companies. But Collin [Shaw's brother] and I are building this restaurant and you are doing business with me." The plaintiff's president also testified that Shaw never told him that he was acting on behalf of a corporation.

Although the defendant Shaw asserts that he had acted solely as the agent of a corporation, on the basis

of the whole record, including the evidence recounted above, we cannot say that the trial court's determination that the defendant was acting in his individual capacity was clearly erroneous.

There is no error.