## HOUSATONIC VALLEY PUBLISHING COMPANY
### *v.* CITYTRUST
### (2217)

BORDEN, FRACASSE and NORCOTT, Js.

---

<sup></sup>

Argued February 28—decision released May 14, 1985

*Stuart D. Rosen,* with whom were *Andrew W. Krevolin* and, on the brief, *Samuel J. Henderson* and *Thomas A. Gugliotti,* for the appellant (defendant).

*Robert J. Guendelsberger,* with whom was *Arthur J. Peitler,* for the appellee (plaintiff).

NORCOTT, J. The plaintiff, Housatonic Valley Publishing Company, brought an action against the defendant, Citytrust, to recover a sum allegedly owed for advertisements which ran in a local newspaper, the Brookfield Journal. From the judgment rendered against it, the defendant has appealed.

The facts in this case are not in dispute. The plaintiff was the publisher of several small daily and weekly newspapers in the western Connecticut region. The defendant is a bank with branch operations in locations served by the plaintiff's publication. Between December 31, 1981, and March 18, 1982, several ads were placed in the plaintiff's newspaper and were not paid when due and billed.

The advertising was placed by a business called Creative Media Services, Inc. (Creative Media), a firm which the defendant used to buy space and place its ads. The defendant paid Creative Media at a rate of $1500 per month plus costs for this service.

The plaintiff publishing company billed Creative Media, and Creative Media in turn billed the bank. The plaintiff always carried this account as "Citytrust c/o Creative Media" at the latter's address. Relying on the defendant's solid reputation in the community, the plaintiff did no credit check on either the defendant or Creative Media. The plaintiff relied entirely on the defendant's credit.

After the defendant bank had paid Creative Media on its then current outstanding bills, including those for all the ads which appeared in the plaintiff's newspaper, Creative Media went bankrupt. Creative Media had not transmitted the payment to the plaintiff. When the account became delinquent, the plaintiff called the defendant and the call was transferred to a Nancy Horton, who had previously worked for Creative Media, but who now was an employee of the bank doing the same job she had done at Creative Media. Nancy Horton had entered the employment of the defendant after she had been laid off by Creative Media when the firm was in the throes of financial difficulties.

The trial court found that Creative Media was an agent of the defendant, and accordingly rendered judgment for the plaintiff in the amount of $3454.35.

Pursuant to Practice Book § 3082, the defendant moved the trial court to articulate further its decision in regard to its findings on agency. In response to the motion for rectification of appeal, the trial court found that "there was an actual agency based upon the payment of $1500 per month by the defendant to Crea-

tive Media for the purpose of having Creative Media place its ads in those areas determined by Creative Media to be for the benefit of the defendant." The court placed no reliance on any apparent authority, and specifically placed no reliance on the factual situation regarding Nancy Horton. The defendant makes the following assignment of errors on appeal: (1) that the evidence fails to support a finding of agency because the plaintiff failed to prove the necessary element of control; (2) that the receipt of benefits by the defendant does not constitute ratification; and (3) that if the trial court's judgment is correct as to liability, the plaintiff proved only $2329.66 in damages.

The role of this court is to decide whether the decision of the trial court is clearly erroneous in view of the evidence and pleadings in the record. Practice Book § 3060D; *New England Whalers Hockey Club* v. *Nair,* 1 Conn. App. 680, 684, 474 A.2d 810 (1984). The case should be disposed of on the theory on which it was tried and on which the trial court decided it. *Beckenstein* v. *Potter & Carrier, Inc.,* 191 Conn. 120, 132 n.8, 464 A.2d 6 (1983); *Machiz* v. *Homer Harmon, Inc.,* 146 Conn. 523, 525, 152 A.2d 629 (1959). We thus limit our review to a determination of whether the trial court could have found the existence of actual agency.

In the present case, the memorandum in response to the defendant's motion for rectification makes clear that the trial court relied upon a finding of actual agency in rendering judgment for the plaintiff. Our rejection of that finding should occur only where it is "clearly erroneous," that is, " 'unsupported by the record, incorrect, or otherwise mistaken.' " *J. & J. Enterprises of Lenair, Inc.* v. *Shaw,* 190 Conn. 321, 322, 460 A.2d 1283 (1983); see Practice Book § 3060D.

" 'Agency is defined as " 'the fiduciary relationship which results from manifestation of consent by one per-

son to another that the other shall act on his behalf and subject to his control, and consent by the other so to act . . . .' Restatement (Second), 1 Agency § 1." ' " *Beckenstein* v. *Potter & Carrier, Inc.,* supra, 132. The three elements required to show that an agency exists are a manifestation by the principal that the agent will act for him, acceptance by the agent of the undertaking, and an understanding between the parties that the principal will be in control of the undertaking. Id., 333; *Botticello* v. *Stefanovicz,* 177 Conn. 22, 25, 411 A.2d 16 (1979); 1 Restatement (Second), Agency § 1, comment b (1958).

The burden of proving agency is on the party asserting its existence. *New England Whalers Hockey Club* v. *Nair,* supra, 683. The existence of an agency relationship is a question of fact for the trier, and the facts found by the trial court must support its conclusion. *Botticello* v. *Stefanovicz,* supra, 26–27.

The defendant's claim of error that the plaintiff failed to prove the necessary element of control has merit. We find that neither the totality of evidence put before the court at trial nor the facts found and relied on by the trial court in its memorandum of rectification provide a sufficient basis from which an inference of control could be derived, and thus the finding of actual agency cannot stand. The trial court's limited finding of actual agency was based (1) on payment of an amount between the defendant and Creative Media for its services, and (2) on the benefit derived from the services by the defendant. This was an insufficient basis upon which to find actual agency, and as such the trial court's finding is clearly erroneous. *Botticello* v. *Stefanovicz,* supra, 27.

We need not reach the plaintiff's assignment of error regarding the doctrine of ratification. There was neither a finding of ratification nor reliance on that doc-

trine by the trial court. Finally, because our ruling on the issue of agency is dispositive of the appeal, we need not address the last claim of error based on the amount of damages awarded.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.