NORTHEAST GUNITE AND GROUTING CORPORATION *v.*
ROBERT CHAPMAN, JR.
(7196)

DALY, NORCOTT and FOTI, Js.

Argued September 19—decision released October 31, 1989

*James D. Reardon,* for the appellant (defendant).

*Stephen G. Silverberg,* for the appellee (plaintiff).

DALY, J. The defendant appeals from a judgment rendered in favor of the plaintiff holding the defendant personally liable on a contract. The defendant claims that the court erred (1) in finding the defendant personally liable, (2) in granting the plaintiff's motion to strike the defendant's special defense, and (3) in denying the defendant's motion to substitute a party defendant. We find no error.

On September 18, 1986, the plaintiff subcontractor agreed to apply gunite to a natural style inground pool or "grotto" being built by the defendant contractor for an open price.[1] This agreement was set down in a writing prepared by the plaintiff. While the first paragraph of the written agreement stated that the defendant's business, Chapman Pools 'N Spa, was a corporation, there was no place in the agreement where the designation corp., co., inc. or ltd. followed the business name. In addition, the defendant did not affix any title, or indicate next to his signature that he was signing in a representative capacity. At some point during the plaintiff's work, a dispute arose regarding the amount of money owed. The defendant made partial payment with a check bearing the name of the business, but with no express indication that the business was a corporation. The plaintiff completed work and demanded payment for the remaining monies owed. The defendant refused to pay and the plaintiff began this suit.

On June 17, 1988, less than two weeks before trial, the defendant filed a special defense without leave of the court or consent of the opposing party. The special defense stated that the plaintiff dealt with a de facto or de jure corporation and is estopped from denying its existence, and that the defendant had no individual liability for the contract. On June 22, 1988, the plaintiff filed a motion to strike the special defense claiming that it was improperly filed in violation of Practice Book § 176. The trial court granted the plaintiff's motion at trial by treating it as a request to revise and ruling that the "special defense is out of the case." On the day of trial, the court also heard and denied the defendant's motion to substitute a party defendant that was filed that day. That motion requested that the name Chapman Pools 'N Spa be substituted for Robert Chap-

---

[1] The defendant was charged by the amount of labor and materials used to complete the job.

man, Jr., doing business as Chapman Pools 'N Spa. The trial court found the defendant personally liable and rendered judgment in favor of the plaintiff for $10,500, inclusive of interest at 10 percent per annum, but denied the plaintiff's request for attorney's fees and interest at 18 percent per annum.[2]

The defendant's first claim of error is that the court erred in finding him personally liable on the contract because the court did not give proper weight to the evidence.[3] "It is familiar law that '[i]t was for the trial court to weigh the evidence and determine the credibility of the witnesses. This court cannot and will not weigh the evidence contained in the record before us. *Edgewood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976).' " *Cashman* v. *Calvo,* 196 Conn. 509, 513, 493 A.2d 891 (1985).

In essence, the defendant is alleging that the plaintiff did not prove that the defendant is personally liable on the contract. "Whether the plaintiff sustained his burden of proof is a question of fact for the trier. Our job in reviewing a factual determination of the trial court is limited. 'We are not the finders of fact; that

---

[2] The plaintiff, in its brief, requested that, in the event a new trial is ordered, this court consider whether the trial court erred in not awarding attorney's fees, and in awarding 10 percent interest per annum when the contract called for 18 percent interest per annum. Because we find no error, we need not consider those claims.

[3] The defendant, as part of his argument, states that the court did not give proper weight to the first paragraph of the plaintiff's complaint which states, "On September 18, 1986, the plaintiff entered into a contract with a business entity known as 'Chapman Pools 'N Spa' believed at that time to be a Connecticut corporation . . . . " The defendant argues that this pleading should be a judicial admission against the plaintiff and thus prevent the plaintiff from presenting evidence that it actually did not make a contract with a corporation. Even if the pleading were construed as a judicial admission, it would not have the effect proposed by the defendant. See *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 199, 286 A.2d 308 (1971); *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 191, 148 A.2d 554 (1959).

is for the trial court.' *Capmar Construction, Inc.* v. *Coyle,* 4 Conn. App. 579, 580, 495 A.2d 1115 (1985). Our job is merely to examine if there is sufficient evidence in the record to support the decision of the trial court. *Cashman* v. *Calvo,* [supra, 514]." *Presnick* v. *DeRosa,* 12 Conn. App. 554, 557, 532 A.2d 1309 (1987).

There is sufficient evidence in this case. The written agreement merely stated the defendant's business name, with no indication that it was a corporation. The only time the word "corporation" appeared in the agreement was in the first paragraph, and there was testimony that the word appeared because of a secretarial error. The defendant's signature does not indicate that he signed in a representative capacity because he did not affix any title beneath his signature. He only signed in his individual capacity on the "authorized signature" line at the end of the written agreement. In addition, when the defendant signed the check in partial payment, he did not affix any title beneath his name. Furthermore, only the business name was printed on this check with no indication that the business was incorporated. The court did not err in finding that the defendant signed in an individual capacity and is, therefore, personally liable.

The defendant's second claim of error is without merit. The trial court did not err in granting the plaintiff's motion to strike the special defense because the defendant did not comply with the provisions of Practice Book § 176.[4]

There is also no error in the trial court's denial of the defendant's motion to substitute a party defend-

[4] Practice Book § 176 provides in relevant part that "a party may amend his pleadings . . . in the following manner:

"(a) By order of court; or

"(b) By written consent of the adverse party; or

"(c) By filing a request for leave to file such amendment . . . ."

ant filed on the scheduled trial date. " 'A trial court has wide discretion in granting or denying amendments to the pleadings and rarely will this court overturn the decision of the trial court.' *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 67, 485 A.2d 1296 (1985). 'Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment.' *Beckman* v. *Jalich Homes, Inc.*, 190 Conn. 299, 302–303, 460 A.2d 488 (1983)." *Cabinet Realty, Inc.* v. *Planning & Zoning Commission*, 17 Conn. App. 344, 348, 552 A.2d 1218, cert. denied, 210 Conn. 813, 556 A.2d 610 (1989). Because the motion to substitute a party defendant was filed on the brink of trial, we cannot say that the trial court abused its discretion in denying the defendant's motion.

There is no error.

In this opinion the other judges concurred.