[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#141)
On May 3, 1990, the plaintiffs, Sharron Palm and Katherine Piurek, filed an amended seven-count complaint raising claims based on their purchase of real property in West Haven. The defendants are Carlo Zazzarino, the seller of the property, the City of West Haven, and the West Haven building inspector.
In counts one and two, the plaintiffs allege that the defendant Zazzarino breached the express and implied warranties provisions of the New Home Warranties Act, Conn. Gen. Stat. 147-117,47-118, because the house had structural defects. The defendant Zazzarino has asserted a special defense, alleging that he is not a vendor under the New Home Warranties Act. The defendant Zazzarino now moves for summary judgment on those two counts, arguing that he does not come within the statutory definition of "vendor" for the purposes of the act.
Pursuant to Conn. Practice Book 380, the defendant Zazzarino has filed a memorandum of law in support of his motion. He has also filed his own affidavit, stating that the disputed property was a two-family house.
Pursuant to Conn. Practice Book 380, the plaintiffs have filed an objection to the motion for summary judgment with a memorandum of law, the original purchase and sales agreement, and the plaintiff Sharron Palm's affidavit, stating that the disputed property was two single-family dwelling units.
The plaintiffs have filed their reply to the special defense, therefore the requirement that the pleading be closed has been met. Conn. Practice Book 379.
The defendant Zazzarino argues that he is entitled to summary judgment on the issue of whether he was a "vendor" under the New Home Warranties Act. The plaintiffs argue that a genuine issue of material fact exists as to whether the defendant "was engaged in the business of erecting or creating an improvement on real estate."
Summary judgment is proper if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377 (1969). Summary judgment involves issue finding rather than issue determination. Yanow v. Teal Industries, 178 Conn. 262, 269 (1979). The moving party bears the burden of proving the non-existence of any disputed issue of CT Page 3555 material fact. Zapata v. Burns, 207 Conn. 496, 502 (1988). A material fact is one that will make a difference in the case. Catz v. Rubenstein, 201 Conn. 39, 48 (1987).
Conn. Practice Book 378 requires that the pleadings be closed when a party moves for summary judgment. The pleadings are closed when a reply to the special defenses has been filed. Doublewal Corporation v. Toffolon, 195 Conn. 384, 387 n. 3 (1985).
In the case at bar, the plaintiffs filed their reply on July 24, 1990, and the motion for summary judgment was filed on August 27, 1990. The court finds that the pleadings are closed, so that the filing of a motion for summary judgment is appropriate.
A vendor under Conn. General Statutes 47-116 is one who is "engaged in the business of erecting or creating an improvement on real estate." An improvement "means any newly constructed single family dwelling unit." Conn. Gen. Stat. 47-116.
Connecticut courts have given a broad construction to the term "vendor" in the New Home Warranties Act. c.f. Fava v. Arrigoni, 35 Conn. Sup. 177, 180 (Super.Ct. 1975) (Subcontractors are vendors under the act); Amendola v. Grammattei, 4 CSCR 683,685 (July 12, 1989, Meadow, L.). ("The legislature clearly indicated its intent to include not only the actual builders or general contractors, but the persons who arranged and created the improvement.").
The legislative history of the New Home Warranties Act demonstrates an intent to protect a homeowner and to create a remedy to protect buyers. Id. at 686, n. 1.
To determine whether the New Home Warranties Act applies, it is necessary to determine whether the disputed property contained a "newly constructed single family dwelling unit." See Conn. Gen. Stat. 47-116.
The plaintiff states that the property was a "new single family dwelling unit." See Plaintiff's Affidavit. Whereas the defendant states that the property was "a legal two-family dwelling." See Defendant's Affidavit.
The court finds that the affidavits reveal that a genuine issue of material fact exists; therefore the motion for summary judgment is denied.
DONALD T. DORSEY, Judge