[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiffs claim defendant breached an express or implied warranty in connection with siding defendant provided for plaintiffs' house.
The court finds the following facts: On April 16, 1986 plaintiffs, owners of property in Cromwell, Connecticut, contracted with defendant for defendant to sell and erect the shell of a specific-numbered model home. The contract provided the exterior walls were to be "A grade cedar clapboard with cedar trim." Defendant completed the shell in March, 1987 and plaintiffs then took possession. Plaintiffs had the exterior siding stained in August, 1987. They first noticed cracked and split boards in March, 1988 and immediately notified defendant. The condition of the siding has worsened since then.
Plaintiffs claim the siding supplied by defendant did not comply with the express warranty of Grade A cedar, in violation of Conn. Gen. Stat. 47-117 (a), or was defective and faulty material, in violation of implied warranties provided for in Conn. Gen. Stat. 47-118 (a).
Defendant interposes the defense that plaintiffs failed to notify defendant "within one year pursuant to 47-117 and 477-118" of the General Statutes. Those statutes provide that an express and implied warranty terminate within one year after delivery of the deed to purchaser or completion of the work. These statutes do not limit the period within which an action based on these warranties must be brought. The one year is "a period within which an action for breach of warranty may arise, not within which it must be commenced." Cashman v. Calvo,196 Conn. 509, 511 (1985). Nor do these statutes impose a requirement purchaser must notify the seller of breach of warranty within a year. Moreover, in this case, defendant has CT Page 10016 failed to prove its special defense that notice was not given a year from completion of defendant's work. The facts are defendant finished the shell in March, 1987 and plaintiffs notified defendant of defective siding in March, 1988.
There is a substantial conflict of testimony as to whether the cedar supplied was Grade A. At the time it was obtained by defendant a lumber strike was in progress, cedar siding was in short supply, and defendant had to purchase odd lots. The court concludes that some of the cedar defendant provided was Grade A and some was not.
Plaintiffs' witness at first testified all the siding was defective and needed to be replaced at a cost of $12,500. Later, a plaintiffs' witness indicated not all the exterior boards needed to be replaced. Defendant's witnesses admitted there was unusual splitting and rough surfaces of some of the siding on the south wall.
In light of the conflicting evidence, the court viewed the premises. It concludes, based on all evidence and its own inspection, that 25% of the boards are not Grade A cedar, are defective, and do not comply with defendant's express and implied warranties.
Based on the evidence that the total cost of putting on new siding over the entire house is $12,500, the court awards judgment in favor of plaintiffs for $3,125.
Satter, State Trial Referee