[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to 546H P.B., the plaintiff, Scotts of Wisconsin, has filed objections to a report issued by a court-appointed fact-finder after a hearing.
The case, which was referred to the court's fact-finding program pursuant to 52-549n C.G.S., involves the claim of the plaintiff that the defendant, R S Distributors, Inc., failed to pay for goods and materials furnished to it by the plaintiff, and that the defendant owed the plaintiff $6,652.70 for those goods. The defendant denied the claim and plead, by way of special defense, that it was entitled to credits in the amount of $5,783.90 by virtue of a "slotting allowance" by which the plaintiff had agreed to allow it credits in return for the delivery and display of the plaintiff's product in food stores by the defendant. As a second special defense, the defendant CT Page 6959 claimed that the parties had reached an agreement to settle the case and that the plaintiff accepted one payment pursuant to this agreement. The defendant alleged that this transaction constituted accord and satisfaction.
The fact-finder heard evidence on October 21, 1992 and November 16, 1992, and filed a finding of fact on December 17, 1992. The plaintiff's objection is not challenged as untimely. Because the plaintiff has attacked the findings as unsupported by the evidence, adjudication of the plaintiff's objections has been delayed while a transcript of the hearing was prepared.
STANDARD OF REVIEW
The Appellate Court has ruled in Wilcox Trucking v. Mansour Builders, Inc., 20 Conn. App. 420 (1989) that in reviewing the findings of a court-appointed fact-finder, the Superior Court conducts a review subject to the same standards that apply to review by the Supreme Court of a trial court judgment or review of the findings of an attorney trial referee; see Rosenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 299 (1989).
The Appellate Court held in Wilcox Trucking, at 424-25, that the reviewing court may not correct findings of fact to make them consistent with its own reading of the record but should overturn the findings "only when they are clearly erroneous." The court stated that where there is sufficient evidence to support the findings of the fact-finder, and in the absence of a determination that the findings are unreasonable, illegal or clearly erroneous as to facts or reasonable inference that may be drawn from them, the findings should not be overturned. Id., Pomarico v. Gary Construction, Inc., 5 Conn. App. 106, 112, cert. den.,197 Conn. 816 (1985).
The fact-finder concluded that there was in existence an agreement between the plaintiff and the defendant that the defendant would be entitled to a slotting allowance by which it would be entitled to credits of one unit of free product for each unit of product it placed or "slotted" with a customer.
A review of the transcript of the hearing reveals that the plaintiff's representative, James Regan, testified that he alone had authority to grant slotting allowances and that he had never authorized one for the defendant. Further, Regan testified that he had met with representatives of the defendant at a trade show, CT Page 6960 and discussed a slotting allowance, and had not agreed to one. The defendant's representative agreed that he had never negotiated a slotting allowance with any employee of the plaintiff but testified that a broker, Don Aleks, had agreed to the slotting allowance. While there was testimony that Mr. Aleks was authorized to sell the plaintiff's products, Mr. Regan expressly denied that Aleks had authority to agree to slotting allowances on behalf of the plaintiff. The defendant did not present Mr. Aleks as a witness, and Mr. Regan's testimony concerning Aleks' lack of authority to grant such allowances was unrebutted. The invoices and statements of account sent by the plaintiff to the defendant indicate no slotting allowance.
The facts on which the fact-finder based his conclusion that Alex was authorized to agree to a slotting allowance were as follows:
 1. The plaintiff was trying to get customers on the East Coast. (Finding #9)
 2. Though the plaintiff denied authorizing a slotting allowance to the defendant, the fact that the plaintiff was interested in East Coast customers creates an inference that it adopted the practice on the East Coast of authorizing such an allowance. (Id. and Finding #12)
 3. After reviewing bills that did not reflect an allowance, the defendant sent the plaintiff documents showing its "slotting" with customers and the allowances it claimed. (Finding #10)
The fact-finder quite clearly did not decide the issue on the basis of the doctrine of apparent authority, see Lettieri v. American Savings Bank, 182 Conn. 1 (1980). Rather, he concluded, in the absence of any evidence, either direct or circumstantial, that the plaintiff, as principal, had expressly authorized a slotting allowance.
The burden of proof of agency with respect to a particular transaction is on the party asserting agency. Housatonic Valley Publishing Co. v. Citytrust, 4 Conn. App. 12 (1985).
It is the duty of a party dealing with an agent to ascertain whether that agent is acting within the scope of his authority. Hollywyle Ass'n. , Inc. v. Hollister, 164 Conn. 389, 397 (1973); CT Page 6961 Adams v. Herald Publishing Co., 82 Conn. 448, 451; Credit Co. v. Howe Machine Co., 54 Conn. 357.
The record is devoid of any testimony to the effect that the plaintiff authorized the broker to grant a slotting allowance or of any evidence of conduct by the plaintiff, as principal, indicating any acts confirming that Aleks had such authority or agreeing to a slotting allowance.
A desire to sell on the East Coast did not fairly give rise to an inference that the plaintiff had given the broker authority to engage in a practice used on the East Coast and did not supply the proof, required by case law, of actual authority or the ratification of an act conducted with apparent authority.
The court therefore finds that there is no factual basis for the legal conclusion of the fact-finder that the defendant was entitled to a credit in the amount of $5,390.40 because of a slotting allowance.
The fact-finder further determined that the claim of the plaintiff was subject to the defense of accord and satisfaction. The facts presented established that counsel for the plaintiff had sent counsel for the defendant a letter agreeing to a proposal to settle the case for $1,500.00 paid in $500.00 increments. The fact-finder found (Finding #22) that the defendant paid $900.00, that the plaintiff's attorney at some unspecified point claimed that the settlement agreement was unauthorized and refused tender of a payment in the amount of $300.00, that the agreement to settle was nevertheless binding and that the defendant owes the plaintiff $600.00 pursuant to the settlement agreement.
The fact-finder has confused, in Finding #24, the defense of accord and satisfaction with a claim based on an agreement to settle. The plaintiff is not suing upon an agreement by the defendant to pay $1,500.00, but upon an agreement to pay the full value of the goods supplied. The defense of accord and satisfaction required the defendant to prove an accord, that is, an agreement to accept a lesser amount in settlement of the claim and satisfaction, that is, payment of that amount by the defendant. Part payment of a debt does not operate to discharge the whole unless the creditor assents to receive part payment as such. First Hartford Realty Corporation v. Ellis, 181 Conn. 25,34 (1980). The fact-finder did not review the evidence in light CT Page 6962 of the defendant's duty to prove that an accord had been reached, and he ignored his own finding that, even if there was an accord, the defendant had not also proven payment of the full amount. The fact-finder has made no finding that the plaintiff agreed to forego its claim for the final amount due merely in return for a promise to pay $1,500.00 rather than actual receipt of that amount. The Appellate Court has held that such a finding is crucial to a determination of accord and satisfaction when the amount specified in the claimed accord has not been fully paid. Air-Care N.O. Wilson Co. v. Patchet, 5 Conn. App. 203, 205
(1985).
The court finds that the conclusions of the fact-finder as to the issue of accord and satisfaction are not supported by either the subordinate facts or the applicable law.
The factfinder's conclusions are clearly erroneous.
Pursuant to 546J(4), the reference to fact-finding is revoked. The case is hereby assigned for trial on August 24, 1993. Counsel shall report to Courtroom 4D at 10:00 A.M.
Beverly J. Hodgson Judge of the Superior Court