[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit was commenced by application for prejudgment remedy dated April 29, 1992, and accompanying writ, summons and complaint dated April 29, 1992, and returnable to this court on June 16, 1992, sounding in two counts against the defendants Country Club of New England Group Limited Partnership aka CCNE Group Limited Partnership and Nathan Shippee dba Country Club of New England, claiming money damages for professional services rendered by the plaintiff, to wit, in formulating a site development plan for a country club on property located on Mostowy Road in East Lyme.
The defendant Nathan Shippee individually filed an appearance on January 25, 1993.
No appearance was ever filed by the defendant Country Club of New England Group Limited Partnership. CT Page 9936
Defaults for failure to appear and failure to plead were entered by the clerk on February 18, 1993, against the defendant Country Club of New England Group Limited Partnership.
On March 1, 1993, the defendant Shippee filed an answer to the complaint and a special defense as to both counts.
On March 15, 1993, the plaintiff filed a reply to the special defense, and the pleadings were closed.
The matter came on for hearing before the Court on September 14, 1994. The plaintiff was represented by counsel and the defendant appeared pro se.
The Court makes the following findings of fact.
There was a scope of services for preparation of alternate subdivision concept plans and development strategies for land of a specific project situated in East Lyme, Connecticut, submitted by the plaintiff to the defendant Nathan Shippee dated November 13, 1989, and signed and executed by the plaintiff and accepted by the defendant Nathan Shippee on November 20, 1989. See Plaintiff's Exhibit A.
There had been a course of prior dealings between the plaintiff and an entity known as Country Club of New England Group Limited Partnership concerning site development and planning for which services the plaintiff had been paid.
All statements or invoices concerning the plaintiff's present claim were made out to Mr. Nathan Shippee. See Plaintiff's Exhibits E, F and I.
The defendant acknowledged at trial that the site work and planning which constituted the services for which the claim is made was performed and was performed in accordance with the agreement (Plaintiff's Exhibit A), and that the amount claimed is not in dispute and is correct.
Nathan Shippee participated in a separate entity known as Country Club of New England Group Limited Partnership aka CCNE Group Limited Partnership which took title to certain parcels of real estate in East Lyme from the J. C. Penney estate and the Bull estate, said parcels totalling 215 acres more or less. A country club and golf course were envisioned for said land. CT Page 9937
Site work and planning was undertaken prior to the execution of the November 13, 1989 proposal, but the operation was shut down on or about November 13, 1989 or shortly thereafter due to litigation involving the land site by one Fromer.
Subsequent to November 20, 1993, the defendant paid $4,000 on account. See Plaintiff's Exhibits B, C and D.
Title to the land was in the name of the Limited Partnership. Defendant and his spouse were the sole shareholders in an entity known as Resource Ventures, Inc.
The last work done on the project by plaintiff was on February 9, 1990. A prior proposal dated August 16, 1989, was never signed by all required parties. One Thomas Miller was at one time a representative or independent contractor assisting CCNE Group Limited Partnership in matters of the golf course planning.
The proposals of August 16, 1989, and November 13, 1989, were not the same and contained different provisions or conditions.
The plaintiff considered Nathan Shippee individually to be the sole, driving responsible party with whom the plaintiff would deal and the sole party responsible for the payment of any invoices or statements.
Plaintiff's proposal of November 13, 1989, which was executed by both plaintiff and Shippee was submitted solely to Shippee and no other entity. Defendant acknowledged the signature on the November 13, 1989, proposal as his.
The defendant has by his own testimony been involved in various corporate endeavors of large consequence, oil and gas leases. Defendant acknowledged being involved in 40 to 50 401K partnerships and hybrid forms. Defendant has been involved in many business endeavors, involving corporate structures.
The purchase price of the land involved was in the millions of dollars. The mortgage taken back from CCNE Limited Partnership to J. C. Penney, Inc. was alone $2,400,000. See Defendant's Exhibit 2.
Basically, this matter is a claim by the plaintiff that the CT Page 9938 plaintiff contracted for its services, all as spelled out in Plaintiff's Exhibit A with the defendant individually and not in any other capacity.
The defendant's claim is that he was acting in a corporate capacity as president of Resource Ventures, Inc., a general partner of CCNE Group Limited Partnership.
Plaintiff's Exhibit A, which is the foundation document for the claim, is addressed solely to Nathan M. Shippee. Exhibit A is not directed to any corporate entity. There is no mention made or designation of a corporate officer such as president, vice president and the like. There was no designation of incorporation (Inc.), corporation (Corp.), Company (Co.), Limited Partnership (L.T.D.), following the name on Plaintiff's Exhibit A to suggest corporate involvement. See Connecticut General Statutes § 33-287 No request was ever made by the defendant to redraft Exhibit A to indicate corporate involvement. Plaintiff's Exhibit G also lends credence to the defendant's conduct as an individual entrepreneur. No mention is anywhere made in any exhibit of the corporation Resource Ventures, Inc.
The plaintiff wanted and insisted on dealing with an entity it considered reliable and that entity was Nathan M. Shippee as an individual. The defendant was worldly in matters of business, he could easily have indicated the capacity in which he signed if other than an individual but chose not to do so. There was nothing to put plaintiff on notice that it was dealing with anyone other than Nathan Shippee. Defendant, due to his extensive business experience, must have realized the manner and nature of his signing Plaintiff's Exhibit A.
Defendant's Exhibit 14 purports to show an acceptance of a proposal of August 16, 1989, similar in some respects to the November 13, 1989, document signed by CCNE Group Limited Partnership, Nathan Shippee, president.
This exhibit does not have plaintiff's signature and plaintiff testified it was never received by plaintiff. The Court is not persuaded to the defendant's view.
The case of Northeast Gunite and Grouting Corporation v.Robert Chapman, Jr., 20 Conn. App. 201 (1989), seems clearly in point. The sole issue before the Court is the capacity in which Nathan Shippee signed. CT Page 9939
There was a proposal by the plaintiff, it was detailed and unambiguous, it was accepted by the defendant individually. The work was performed properly and the amount is not in dispute.
The Court finds that Nathan Shippee signed the agreement in his individual capacity and is responsible for the payment of the same.
Judgment may enter for the plaintiff in the amount of $20,407.64 plus interest at the statutory rate until paid.
Costs are allowed to the plaintiff. Attorney's fees based on plaintiff's counsel's representation to the court are allowed in the amount of $2,500.
The Court carefully weighed all testimony as to credibility, candor and forthrightness.
Austin, J.