[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On June 3, 1998, the plaintiff filed a complaint to foreclose upon a mechanic's lien which was filed with the town clerk of the town of Oxford and duly recorded on the Oxford land records. The certificate of mechanic's lien was executed by Valerie A. Gallo as president of the plaintiff corporation.
On June 29, 1998, the defendants, Peter and Cynthia Zbras, filed a motion to strike the complaint, pursuant to Practice Book CT Page 9922 § 152(3), now Practice Book (1998 Rev.) § 10-39 (a)(3), due to the absence of a necessary party. According to the defendants, one Barry W. Southard signed the underlying contract for materials and labor, the partial payment of which is the foundation for the plaintiff's filing and recordation of the mechanic's lien and this foreclosure action. The defendants argue that because Mr. Southard signed the contract in his individual capacity rather than as an authorized representative of the plaintiff corporation, he is a party to the contract and therefore a necessary party to this action.
On July 6, 1998, the plaintiff filed an objection to the motion to strike.
"[P]ursuant to Practice Book § 198, [now Practice Book (1998 Rev.) § 11-3,] the exclusive method to raise the issue of nonjoinder of [a necessary] party is by way of a motion to strike the plaintiff's complaint." Hilton v. New Haven,233 Conn. 701, 723, 661 A.2d 973 (1995); see Practice Book §10-39(a)(3). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
"Necessary parties" are "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. . . In short, a party is necessary' if its presence is absolutely required in order to assure a fair and equitable trial." (Internal quotation marks omitted; citation omitted.) Biro v.Hill, 214 Conn. 1, 5-6, 570 A.2d 182 (1990).
The defendants do not challenge the validity of the plaintiff's mechanic's lien and, therefore, do not challenge the plaintiff's ability to foreclose upon that lien. The defendants merely argue that an alleged party to the underlying contract should have been made a party to the present foreclosure action. CT Page 9923 the defendants have provided no authority for the proposition that a potential mechanic's lienor must be made a party to an action to foreclose a mechanic's lien as a "necessary party." Although it may be true that a signatory who signs a contract in an individual capacity could be liable to a plaintiff in a breach of contract action, and therefore could be a "necessary party" in such an action; see, e.g., Northeast Gunite Grouting Corp. v.Chapman, 20 Conn. App. 201, 204, 565 A.2d 256 (1989); Kaplan v.Ivey, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140586 (March 23, 1995, Karazin, J.); there exists no basis for the proposition that a non-encumbrancer must be made a party to an action to foreclose a perfected mechanic's lien.
In Olive Electric Supply, Inc. v. Apostles of the SacredHeart of Jesus, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 351538 (January 14, 1994, Hodgson, J.), the court denied a general contractor's motion to intervene in an action to foreclose a mechanic's lien because the general contractor "conceded that it filed no mechanic's lien, "concluding that the general contractor "is not a necessary party as to the adjudication of the plaintiff's lien." The signatory to the underlying contract in the present case has not filed a mechanic's lien and therefore is not a necessary party in the adjudication of the plaintiff's lien. Therefore, the defendants' motion to strike is denied.
The Court By Curran, J.