[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's, Donald T. Mainolfi and Lisa J. Mainolfi, are owners of real property. They hired the defendant, Donald Pacowta, to provide masonry materials and services for $33,000. The plaintiff's argue that the defendant refused to perform his part of the contract and, consequently, the plaintiff's hired another contractor to perform the masonry work. The plaintiff's argue that the cost was in excess of the contract price that the plaintiff's had with the defendant.
The defendant filed an answer and a special defense. In his special defense, the defendant argues that the contract was not with him, but with Donald Pacowta, Inc. The plaintiff denies the allegation in the special defense.
Trial was held before the court on March 27, 2000.
The plaintiff's offered into evidence a proposal dated March 6, 199g. The proposal was submitted to the plaintiff's and described the work to be performed at the plaintiffs' residence. At the top of the proposal is stamped "Don Pacowta, Inc." and the address and telephone number. At the bottom of the proposal is where the parties signed to accept the proposal. David Mainolfi and Don Pacowta signed, accepting the proposal. After Pacowta's signature, there Is no indication that he was signing as representative of the corporation. The issue in this case is whether Don Pacowta, the individual, is bound by the acceptance of the proposal.
"The defendant's signature does not indicate that he signed in a representative capacity because he did not affix any title beneath his signature. He only signed in his individual capacity at the end of the written agreement." Northeast Gunite Grouting Corp. v. Chapman,20 Conn. App. 201, 204, 565 A.2d 256 (1989); see also Nystrom v. Barker,88 Conn. 382, 385, 91 A.2d 649 (1914) (the contract was not signed on the CT Page 8019-s corporation's behalf and the signatures do not indicate that the signers acted officially or as agents).
There is no evidence that the plaintiff's knew that the defendant was signing as a corporate officer. Furthermore, according to the defendant's testimony, he is the sole stockholder of Don Pacowta, Inc. and he has one employee. (Transcript, March, 27, 2000, p. 39.) He also testified that he always puts "Inc." after his signature on contracts but does not know why he did not do so on the contract in the present case. (Transcript, March 27, 2000, pp. 41-42.) He later testified that he signs as "president, Don Pacowta." Nonetheless, on this particular proposal, the defendant signed in his individual capacity.
The plaintiff's claim damages and state that the amount in demand is greater than $2,500 but less than $15,000. The contract with the defendant is for $33,000. The contract with the replacement contractor is for $40,000. The work was to be the same, except for the addition of a front stoop which cost $1,287. $40,000 — $1,287 = $38,713. $38,713 — $33,000 = $5,713 (the difference in price). Therefore, it is the holding of the court that the defendant is individually liable on the contract and awards the plaintiff's damages in the sum of $5,713 plus costs.
BY THE COURT,
 Philip Mancini, Jr. Judge Trial Referee