EDGEWOOD CONSTRUCTION COMPANY, INC. *v.* WEST HAVEN REDEVELOPMENT AGENCY

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued February 4—decision released February 24, 1976

*Albert W. Cretella, Jr.,* with whom was *Lawrence J. Carboni,* for the appellant (plaintiff).

*William F. Gallagher,* with whom, on the brief, were *James W. Marshall* and *John W. Kline,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action seeking damages which it claimed the defendant had caused to it "as a result of its hindrance, interruption and delay" in the performance of the plaintiff's contract to deliver to the defendant 100,000 cubic yards of fill. The count in its complaint on which this appeal is predicated alleged that the defendant disrupted and delayed the plaintiff's

operations by routing the plaintiff's vehicles over longer and more time-consuming routes and stopping the plaintiff's vehicles on numerous occasions during periods of negotiations and discussions to determine alternate routing.

The court made two significant findings and reached two conclusions which are determinative of the merits of the plaintiff's appeal. The findings were that the route changes were not made at the request of the defendant and that they were requested by the city of West Haven through its police department and its citizenry including one of its clergymen. The court concluded that "[i]t was due to the hue and cry of certain citizens of West Haven that alternate routes were adopted and not due to the directions of the defendant" and that "[t]he plaintiff has failed to meet its burden of proof." On the basis of these findings and conclusions the court rendered the judgment for the defendant from which the plaintiff has appealed.

The decisive question was one of fact. The evidence printed in the appendix to the defendant's brief amply supports the findings of the court to which we have referred and, in turn, those findings support the decisive conclusions of the court. The plaintiff's attack upon the finding amounts to nothing more than a request that we accept its version of the facts. It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence. This court cannot retry the case. *Salvatore* v. *Milicki,* 163 Conn. 275, 278, 303 A.2d 734.

There is no error.