The plaintiffs in this action sought to recover the balance of insurance premiums due on insurance policies provided to the defendant Gozzo's Service Station, Incorporated. They further sought to set aside as a fraudulent conveyance the transfer of a Chevrolet Blazer to the individual defendant Gary Gozzo, the corporation's manager. After trial to the court, judgment was rendered in favor of the plaintiffs on both counts.
Examination of the record discloses that in 1975 and 1976 the plaintiffs, as insurance agents, secured *Page 649 
and paid the premium for certain insurance policies covering various risks on the properties and operation of Gozzo's Service Station, Incorporated. Joseph A. Gozzo began the business in 1957 and ran it as corporate president until the end of 1974 when he turned over operations to his son, Gary Gozzo. In late 1973 or early 1974, the corporation had purchased a 1974 Chevrolet Blazer.
At the trial, evidence was presented that following Joseph Gozzo's departure, financial difficulties beset the business and creditors were not being paid. On September 9, 1976, the Blazer was transferred from the corporation to Gary Gozzo. At the time, Gary Gozzo was aware that the plaintiffs and other creditors had not been paid various sums owed to them. Shortly thereafter, the service station ceased doing business. On September 15, 1976, the plaintiffs canceled the insurance policies. After applying various rebates and cancellation credits, there remained due the sum of $1670.85.
The court found that the corporate defendant owed the plaintiffs $1670.85. The court further concluded that at the time of the motor vehicle transfer, the corporation was unable to pay its creditors, and that the vehicle was transferred without consideration and for the purpose of removing it from the reach of the corporation's creditors. Since the vehicle had been subsequently sold and its proceeds held in escrow, the court awarded $1670.85 to the plaintiffs from the defendant Gary Gozzo, in lieu of setting aside the transfer.
 I
The defendants first contend that the sum found due by the court is contrary to the evidence and is the product of a mathematical error. Examination of the record discloses that the amount claimed due was a significantly contested factual issue. While there is evidence supportive of the calculation *Page 650 
claimed by the defendants, there is also credible evidence which supports the finding of the court. "It is the privilege of the trier to adopt whatever testimony he reasonably believes to be credible." Grote v. A. C. Hine Co., 148 Conn. 283, 287,170 A.2d 138 (1961). As long as there is a reasonable basis for the conclusion reached by the court, a reviewing authority may not disturb the factual result. "It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence. This court cannot retry the case." Edgewood Construction Co. v. West Haven Redevelopment Agency, 170 Conn. 271, 272, 365 A.2d 819 (1976).
 II
The defendants next argue that the court's conclusion that the transfer of the Blazer was without consideration is not supported by the evidence. This again was a significantly contested factual issue, the defendants having offered evidence that some $3400 was paid into the corporation as consideration for the transfer of the Blazer. There was also evidence that the sum was a loan to the corporation. This question was a matter to be determined by the trier based upon what facts it chose to believe, and the result was a finding that the transfer had been made without consideration. "The trial court is the judge of the credibility of witnesses. That a fact was testified to does not make it an admitted or undisputed fact." Yale University v. New Haven,169 Conn. 454, 463, 363 A.2d 1108 (1975).
 III
Finally, the defendants contend that the court made no finding of a fraudulent intent to defraud the corporation's creditors, nor a finding that the remaining assets were insufficient to meet the claims of creditors. They claim, therefore, that the legal conclusion of a fraudulent conveyance is not supported by the required factual conclusions. *Page 651 
To establish a fraudulent conveyance within the meaning of General Statutes 52-552[2] "the plaintiff had the burden of establishing either that the conveyance was made without any substantial consideration and, when made, rendered [the defendant] unable to pay ... then existing debts, or that it was made with a fraudulent intent in which the grantee participated." Town Bank Trust Co. v. Benson, 176 Conn. 304, 307,407 A.2d 971 (1978). (Emphasis added.) As the means of proving the fraudulent transfer are articulated in the alternative, it is not necessary to prove both the absence of consideration and a fraudulent intent. Nor is it necessary "that the transferor be insolvent when the conveyance is made." Reconstruction Finance Corporation v. United Distillers Products Corporation, 229 F.2d 665, 667 (2d Cir. 1956).
In the present case, the trial court found (1) that at the time of the transfer the corporation was unable to pay its creditors; (2) that the vehicle was transferred to remove it from the reach of creditors; and (3) that this transfer was made without consideration. This finding establishes both of the grounds for determining a conveyance to be fraudulent.
First, the court found the transfer was made without consideration at a time when the corporation could not pay its debts. A transfer without consideration renders the corporation even less capable of paying creditors, therefore meeting the first test set out in Town Bank 
Trust Co. v. Benson, supra. Second, the court found that the purpose of the transfer was to remove it from the reach of creditors. This *Page 652 
statement is clearly an articulation of fraudulent intent. Since the person receiving the vehicle was the corporation's sole proprietor, this also was a fraudulent transfer in which the grantee participated, thus meeting the second criterion.
 There is no error.
In this opinion SHEA and N. O'NEILL, Js., concurred.