The plaintiff brought this action to recover damages from the defendant which she allegedly incurred as a result of the defendant's breach of a contract to construct a screen porch addition to the plaintiff's house. The court found the *Page 425 
issues for the plaintiff and awarded her $2106.44.[1] The defendant appealed to this court claiming: (1) the court erred in finding that there was an enforceable contract between the parties and (2) there was insufficient evidence to support the amount of damages awarded by the court.
 I
The defendant contends that the court erred in finding that there was an enforceable contract between the parties. The gravamen of this claim is that there was inconsistent testimony with respect to several terms of the agreement. Therefore, there was insufficient evidence to support the court's finding that a contract existed. We do not agree.
The decisive question was one of fact. The evidence amply supports the court's conclusion that there was a valid contract between the parties. The defendant would simply have us accept his version of the facts. "It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence. This court cannot retry the case." Edgewood Construction Co. v. West Haven Redevelopment Agency, 170 Conn. 271,272, 365 A.2d 819 (1976).
 II
The defendant also claims that there was insufficient evidence to support the amount of damages awarded by the court. The basis for this contention is that the only evidence of damages presented by the plaintiff at trial consisted of two cancelled checks paid to a subsequent contractor and this alone was insufficient to support the finding that the amount was reasonable or necessary to complete the porch in the manner contemplated by the parties at the time they entered the original contract. *Page 426 
The amount of damages awarded is within the province of the trier of the facts. Johnson v. Flammia, 169 Conn. 491, 499, 363 A.2d 1048 (1975). There was sufficient testimony at trial from which the court could conclude that $2250 was the amount required to complete the porch as originally intended by the parties. Moreover, the payment of this sum by the plaintiff created a presumption that it was reasonable. Flynn v. First National Bank Trust Co., 131 Conn. 430, 436, 40 A.2d 770
(1944). A review of the transcript reveals no evidence presented by the defendant to rebut this presumption. Accordingly, the court properly concluded that the amount was reasonable.
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.