ECOS CORPORATION *v.* GERALDINE D. CONLON

ECOS CORPORATION *v.* WESTLAND COMPANY, INC.
(3362)
(3363)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued June 11—decision released July 30, 1985

*Elaine Gordon,* with whom, on the brief, was *Raymond A. Garcia,* for the appellant (plaintiff in both cases).

*I. Milton Widen,* for the appellees (defendant in each case).

SPALLONE, J. The plaintiff, in these combined appeals, claims that the trial court erred in granting the defendants' applications for discharge of two notices of lis pendens.

The facts do not appear to be controverted. On May 14, 1984, the plaintiff instituted separate suits against the defendants, claiming, inter alia, specific performance of agreements it had entered into with each defendant for the sale of real estate. Incidental to the commencement of the actions, the plaintiff filed a notice of lis pendens against each parcel of land. On June 25, 1984, at a consolidated evidentiary hearing, the court took evidence on the defendants' applications for discharge of those notices.

At the conclusion of the hearing, the trial court ruled that the plaintiff could not show probable cause to sustain the validity of its claims for specific performance against each defendant and stated that its reason for so ruling was that the plaintiff planned to resell the

lots. The court thereupon granted the defendants' applications and discharged both notices of lis pendens.

The plaintiff now appeals from that order, claiming error in the trial court's conclusion that specific performance would not lie because the land in question was to be resold. At oral argument, counsel for the defendants conceded that the trial court erred in this regard.

It is universally recognized that the remedy of specific performance is available to enforce contracts for the sale of real estate. *Hodges* v. *Kowing,* 58 Conn. 12, 21–22, 18 A. 979 (1889); see Calamari & Perillo, Contracts (2d Ed.) § 16-2 and cases cited therein. The availability of this remedy is not a matter of right, but depends upon an evaluation of equitable considerations. *Kakalik* v. *Bernardo,* 184 Conn. 386, 395, 439 A.2d 1016 (1981). "Applications for specific performance of agreements to sell land are addressed to the discretion of the court which must determine upon the facts and under the circumstances whether the contract is fair, reasonable, on good consideration, free from fraud, surprise or mistake and made according to the requirements of the law. *Sidor* v. *Kravec,* 135 Conn. 571, 573–74, 66 A.2d 812 [1949]." *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 18–19, 420 A.2d 1142 (1979). The trial court erred in singling out the plaintiff's plans to resell the land as determinative of its likelihood of prevailing upon full trial.

The defendants' contention that the trial court had alternate grounds to support its decision, that is, that the plaintiff did not show that it was ready, willing and able to purchase the property; see *Allen* v. *Nissley,* 184 Conn. 539, 542, 440 A.2d 231 (1981); is equally without merit. Our thorough review of the record before us does not disclose any finding by the trial court that the plaintiff was unable to establish probable cause that it would prevail in a trial upon the merits based on a

failure to prove it was ready, willing and able at all times to purchase the property. In our review, "[w]e cannot resort to matters extraneous to the formal record or to facts which have neither been found by the trial court nor admitted in the pleadings." *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 384, 494 A.2d 1216 (1985).

There is error, the judgment of the trial court dissolving the notices of lis pendens is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.