■ TROPICAL ORNAMENTALS, INC., Appellant, v MARIE VIS-CONTI, Respondent.—In an action to recover on two negotiable instruments, plaintiff appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated July 31, 1984, which denied its motion for summary judgment in lieu of complaint.

Order reversed, on the law, with costs, motion granted, plaintiff is awarded the principal sum of $14,202.50, with interest from October 9, 1982, and matter remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

Defendant Marie Visconti signed two checks payable to plaintiff totaling $17,202.50. The name "J.G.S. Produce Co." was imprinted on the checks, which, upon presentment, were dishonored. Plaintiff commenced this action by service of

summons and notice of motion for summary judgment in lieu of complaint against defendant Marie Visconti (see, CPLR 3213). In response to plaintiff's motion, defendant contended that "J.G.S. Produce Co." was a corporation, and that she had signed the checks in a representative capacity, and was therefore not personally liable.

Initially, we note that defendant failed to support her conclusory allegations that the name of the entity imprinted on the checks was the same entity for which she submitted a certificate of incorporation issued to "JGS Produce Corp.", and that the difference between the two names was due to a bank error in imprinting the corporation's checks.

It is undisputed that the negotiable instruments in question do not bear any indication that defendant signed them in a representative capacity. Nor do they indicate that the name imprinted thereon is that of a corporation (see, Business Corporation Law § 301 [a]).

UCC 3-403 (2) provides: "An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity". This action falls squarely within this subdivision and, accordingly, defendant is personally obligated on the instruments.

Even were we to deem that the instruments in question did name JGS Produce Corp., the action would then fall within UCC 3-403 (2) (b) which states: "(b) except as otherwise established between the immediate parties, [an authorized representative who signs his own name to an instrument] is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity".

As the statute states, the only exception has to be one that is "otherwise established between the immediate parties" (UCC 3-403 [2] [b]).

"In adopting this exception, the drafters of the code followed the more liberal pre-existing New York rule permitting proof of an agreement or understanding that personal liability of the signer was not intended * * *

"But the type of showing needed to bring the note within the 'except' clause of section 3-403 (subd [2], par [b]) must necessarily amount to more than the mere self-serving allegation of the signer's subjective intent to sign as representative. To escape personal liability, the signer has the burden to

'establish' an agreement, understanding or course of dealing to the contrary * * * Thus, without an affirmative demonstration that the taker of the instrument knew or understood that the signer intended to execute the instrument in a representative status only, there can be no defense that, notwithstanding the form of the instrument, representative liability was 'otherwise established between the * * * parties' " *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 229, quoting from *Jackson Chevrolet v Oxley,* 564 P2d 633, 635-636 (Okla]).

Defendant cannot come within this exception, for by her own admission "[a]t no time up until the moment these checks were received by the Plaintiff, had it ever even heard of JGS PRODUCE CORP., or JGS PRODUCE CO., or MARIE VISCONTI". Accordingly, defendant cannot establish any agreement between the immediate parties, i.e., plaintiff and defendant or plaintiff and JGS Produce Corp. Accordingly, plaintiff is entitled to summary judgment. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.