Per Curiam.
The appellants challenge a judgment rendered by the trial court removing the plaintiff as a coexecutor of the decedent’s estate on the ground that the facts found by the trial court were erroneous. *750 An appellate court may not retry facts and its duty upon review of such a claim is limited to a determination of whether the trial court’s judgment was clearly erroneous in this respect or otherwise contrary to law. Practice Book § 4061; Damora v. Christ-Janer, 184 Conn. 109, 113, 441 A.2d 61 (1981); Ram Roofing & Sheet Metal Co. v. A.B.C. Plumbing & Heating, Inc., 2 Conn. App. 54, 56, 475 A.2d 341 (1984). It is the province of the trial court to pass upon the credibility of witnesses and the weight to be accorded the evidence. Edgewood Construction Co. v. West Haven Redevelopment Agency, 170 Conn. 271, 272, 365 A.2d 819 (1976); Essex Savings Bank v. Leeker, 2 Conn. App. 98, 102, 476 A.2d 1071 (1984). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found and whether the trial court could thereby conclude as it did. Appliances, Inc. v. Yost, 186 Conn. 673, 676-77, 443 A.2d 486 (1982); Hallmark of Farmington v. Roy, 1 Conn. App. 278, 280-81, 471 A.2d 651 (1984).
Our review of the record and briefs, with particular attention to the trial court’s exhaustive and carefully drawn memorandum of decision, indicates that the factual findings of the court are fully supported by the evidence and its legal conclusions are legally and logically sound.
There is no error.