Per Curiam.
The defendants challenge a judgment rendered by the trial court ordering specific performance of a lease provision with an option to purchase. Although the defendant’s list five issues on appeal, this appeal boils down to whether the facts found by the trial court were erroneous. We find no error.
*809 The availability of the remedy of specific performance depends upon the evaluation of equitable consideration. Frumento v. Mezzanotte, 192 Conn. 606, 615, 473 A.2d 1193 (1984); Ecos Corporation v. Conlon, 4 Conn. App. 572, 574, 495 A.2d 1111 (1985).
“An appellate court may not retry facts and its duty upon review of such a claim is limited to a determination of whether the trial court’s judgment was clearly erroneous in this respect or otherwise contrary to law. Practice Book § 4061; Damora v. Christ-Janer, 184 Conn. 109, 113, 441 A.2d 61 (1981); Ram Roofing & Sheet Metal Co. v. A.B.C. Plumbing & Heating, Inc., 2 Conn. App. 54, 56, 475 A.2d 341 (1984). It is the province of the trial court to pass upon the credibility of witnesses and the weight to be accorded the evidence. Edgewood Construction Co. v. West Haven Redevelopment Agency, 170 Conn. 271, 272, 365 A.2d 819 (1976); Essex Savings Bank v. Leeker, 2 Conn. App. 98, 102, 476 A.2d 1071 (1984). This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found and whether the trial court could thereby conclude as it did. Appliances, Inc. v. Yost, 186 Conn. 673, 676-77, 443 A.2d 486 (1982); Hallmark of Farmington v. Roy, 1 Conn. App. 278, 280-81, 471 A.2d 651 (1984).” Nulman’s Appeal from Probate, 13 Conn. App. 811, 812, 537 A.2d 495 (1988).
Our review of the record indicates that the factual findings of the court are fully supported by the evidence and its legal conclusions are legally and logically sound.
There is no error.