## CENTRAL NATIONAL BANK OF NEW YORK
### *v.* SAMUEL BERNSTEIN
### (5762)

BIELUCH, O'CONNELL and STOUGHTON, Js.

Argued March 16—decision released June 28, 1988

*Raymond W. Beckwith,* for the appellant (defendant).

*Myra L. Graubard,* for the appellee (plaintiff).

STOUGHTON, J. The defendant appeals from a judgment for the plaintiff[1] in an action to recover on two promissory notes. The defendant claims that the trial court erred (1) in permitting the plaintiff to prove lost original notes by claimed photostatic copies, (2) in concluding that the defendant was personally liable on the notes, and (3) in awarding counsel fees without proof of same.

The plaintiff had alleged that the defendant was indebted to it as evidenced by two notes. One note was for $5000 and was dated July 23, 1982, and the other was for $10,000 and was dated August 2, 1982. Neither note had been paid except for a $1000 payment on the $10,000 note, and the unpaid balance on both notes was due and payable. Each note provided for interest at the legal rate upon maturity, as well as for payment of reasonable attorney's fees, not to exceed 20 percent of the principal.

The trial court found the following facts. The defendant had signed both notes, which notes remained unpaid except for the $1000 payment set forth above. The notes had been executed in New York and both parties agreed that the law of that state would apply. The plaintiff owned the notes and had photostatic copies thereof. The plaintiff was reasonably diligent in searching for the originals, the copies contained the same terms as the originals and had been made in the ordinary course of business. The proceeds of both notes were deposited in the corporate checking account of Max Aig, Inc., a New York corporation no longer in existence and of which the defendant had been president. The proceeds were used to pay off earlier notes.

---

[1] On December 21, 1987, while this appeal was pending, the Federal Deposit Insurance Corporation was substituted for Central National Bank of New York as plaintiff. Central National Bank of New York was formerly Central State Bank.

## I

The defendant claims that the trial court erred in permitting the plaintiff to prove the contents of the notes by means of photostatic copies thereof.[2]

The Uniform Commercial Code provides that an action may be maintained on a lost instrument by the owner of the instrument against any party liable thereon. General Statutes § 42a-3-804 and McKinney's New York Statutes § 3-804 contain substantially similar language. Each provides in part that "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms." The plaintiff proved the terms of the instruments by introducing photostatic copies thereof. See *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 382, 494 A.2d 1216 (1985).

The trial court found that the plaintiff had proven that it had been reasonably diligent in searching for the original notes and that the photocopies contained the same terms as the originals. Whether the plaintiff sufficiently demonstrated the former existence and present unavailability of the notes and their contents was a question of fact for the trial court. *Connecticut Bank & Trust Co.* v. *Wilcox,* 201 Conn. 570, 573–75, 518 A.2d 928 (1986).

This court cannot find facts or draw conclusions from primary facts found, but can only review such findings to determine whether they could legally, logically and reasonably be found and whether the trial court could

---

[2] The defendant's claim that the photostatic copies of the notes were not admissible is not reviewable because of his failure to comply with the provisions of Practice Book § 4065 (d) (3).

thereby conclude as it did. *Nulman's Appeal from Probate,* 13 Conn. App. 811, 812, 537 A.2d 495 (1988). The plaintiff's assistant vice president, John Cossen, testified that he was responsible for the commercial loan department record keeping. He testified that he had searched the records vault, but could not find the original promissory notes. He further testified that in the usual course of business when a loan was sent to the legal department, all papers would be forwarded to that department which would then make copies. Cossen testified that copies of the notes were found in the legal department file. He also stated that he had searched the file drawers where the originals would ordinarily be located, but they could not be found. Cossen stated that the originals might have been lost during an office move in 1984. It was neither illogical nor unreasonable for the trial court to have found as it did. The conclusions were reasonably drawn from the facts found.

## II

The defendant also claims that the facts of this case compel a finding that he was not personally liable on the two notes. Section 3-403 (2) of the Uniform Commercial Code has been adopted both in Connecticut and New York.[3] Under this section, even an authorized agent who signs his own name to a note is personally obligated if the instrument neither names the person represented nor shows that the signer signed in a rep-

---

[3] Section 3-403 of McKinney's New York Statutes provides in pertinent part: "(2) An authorized representative who signs his own name to an instrument

"(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

"(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

resentative capacity. Except as otherwise established between the immediate parties, the agent is also personally obligated if the person represented is named but the representative capacity of the agent is not shown, or if the representative capacity of the agent is shown but the person represented is not named. Personal liability may be avoided under the exception where the note is ambiguous by demonstrating that there was an understanding between the parties that the agent intended to execute the instrument in a representative capacity only. "[T]he type of showing needed to bring the note within the 'except' clause . . . must necessarily amount to more than the mere self-serving allegation of the signer's subjective intent to sign as representative. To escape personal liability, the signer has the burden to 'establish' an agreement, understanding or course of dealing to the contrary . . . . Thus, without an affirmative demonstration that the taker of the note knew or understood that the signer intended to execute the instrument in a representative status only, there can be no defense that, notwithstanding the form of the note, representative liability was 'otherwise established between the . . . parties' . . . . " (Citations omitted.) *Rotuba Extruders, Inc.* v. *Ceppos,* 46 N.Y.2d 223, 229, 385 N.E.2d 1068, 413 N.Y.S.2d 141 (1978). The defendant offered only his own, self-serving allegation of his subjective intent to sign as a representative.

The notes in question do not name Max Aig, Inc., which the defendant claims was the entity represented by him. They do not indicate that the defendant signed the note in any representative capacity, although one of them had an indecipherable scrawl following the signature which may have been "Pres," although this was not established at trial. Even if that is what it meant, it does not indicate of what entity the defendant was president. The New York courts have held that a signer

who neither indicates his alleged principal nor his alleged capacity cannot avoid liability even as to an immediate party. *Tropical Ornamentals, Inc.* v. *Visconti,* 115 App. Div. 2d 537, 538–39, 495 N.Y.S.2d 729 (1985); *Barden & Robeson Corporation* v. *Ferrusi,* 52 App. Div. 2d 1061, 1062, 384 N.Y.S.2d 596 (1976). When the face of the instrument does not serve to put the holder on notice of limited liability of the signer, resort to extrinsic proof is impermissible. *Rotuba Extruders, Inc.* v. *Ceppos,* supra. The showing needed to bring the note within the exception "as otherwise established between the immediate parties" must be more than the mere self-serving allegation of the signer's subjective intent to sign as a representative. Id. The defendant's contention that the account number of Max Aig, Inc., which appeared below his signature was sufficient to show that he signed in a representative capacity is meritless. The exact name of the party represented must appear on the instrument. *Tropical Ornamentals, Inc.* v. *Visconti,* supra. The trial court did not err in holding the defendant personally liable on the two notes.

## III

The defendant's final claim is that the trial court erred in awarding counsel fees without proof thereof. The notes provided for payment of reasonable attorney's fees. The trial court was in a position to evaluate the complexity of the issues presented and the skill with which counsel dealt with these issues and to fix reasonable attorney's fees. *Guaranty Bank & Trust Co.* v. *Dowling,* supra, 386.

There is no error.

In this opinion the other judges concurred.