[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT
Whether the court should grant the defendant Pezzello's motion for summary judgment on counts one and two of the plaintiffs' complaint.
FACTS
The plaintiffs, Antonio and Maria Morelli, filed a two-count amended revised complaint on March 26, 1992, against the defendants, Frank Pezzello (hereinafter "Pezzello") and John Ellis and Associates (hereinafter "Ellis").
Both counts are against both defendants. Count one alleges breach of contract and count two alleges fraudulent misrepresentation.
In the first count of their complaint, the plaintiffs allege that on or about December 1985, Pezzello represented to them that he was an authorized agent of Ellis, a real estate partnership based in New London. On or about the same date, the plaintiffs allege in their complaint, they entered into a listing agreement with Pezzello to sell their house to a purchaser for cash and/or an adequately secured promissory note. The plaintiffs further allege that they signed a warranty deed granting the property to a Mr. Robert Fedus who, in return, gave the plaintiffs a mortgage note in which he promised to pay to the plaintiffs $58,000. Unbeknownst to the plaintiffs, they further allege, the note was unsecured. The plaintiffs allege that this act of failing to produce a buyer for cash and/or an adequately secured mortgage note constitutes a breach of contract by Ellis and/or Pezzello.
The plaintiffs incorporate the allegations of count CT Page 1573 one into their second count, and further allege that Pezzello knew or should have known that his representation regarding the secured mortgage note was made with the purpose of inducing the plaintiffs to accept an unsecured promissory note. The plaintiffs further allege that the fraudulent misrepresentation was discovered on or about December 1989 when the promissory note came due.
Pezzello filed an answer and two special defenses on May 6, 1992. In his first special defense the defendant alleges that at all times he was an agent of Ellis acting in the scope of his authority. In his second defense, Pezzello alleges that the plaintiffs' second count is barred by the statute of limitations, General Statutes 52-577.
The plaintiffs replied to Pezzello's special defense on July 1, 1992.
Pezzello filed a motion for summary judgment on November 10, 1992. In his accompanying memorandum of law he argues that he is entitled to judgment as a matter of law because: 1) the plaintiffs cannot produce the contract which they admit was written, nor offer any other admissible evidence to support their contention that the agreement required the defendant to either produce a buyer who would purchase the plaintiffs' property with cash or an adequately secured promissory note; 2) Pezzello was, at all relevant times, acting as an agent of Ellis; and 3) the plaintiffs' second count is barred by the statute of limitations.
The plaintiffs filed a memorandum in opposition to Pezzello's motion on December 14, 1992.
Ellis filed a memorandum in opposition to Pezzello's motion for summary judgment on December 21, 1992 arguing that there exists an issue of material fact as to whether Pezzello was acting as Ellis' agent.
DISCUSSION
A party is entitled to summary judgment if he proves that there exists no genuine issue of material fact and that he is entitled to judgment. as a matter of law. Connecticut Practice Book 384. Lees v. Middlesex Ins.,219 Conn. 644, 650, 594 A.2d 592 (1991). "A motion for summary CT Page 1574 judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Connecticut Practice Book 380. A court may not consider deposition testimony which is uncertified or unauthenticated. Gough v. Town of Fairfield,7 Conn. L. Rptr. 50 (1992).
I. The Plaintiffs' First Count.
In their first count the plaintiffs allege that Pezzello, by himself or as an agent of Ellis, breached a listing agreement. Pezzello argues, in his memorandum, that he is entitled to judgment on this issue because the plaintiffs cannot produce the alleged written contract or any other evidence to prove its terms.
Pezzello attached to its motion several excerpts from the deposition testimony of the plaintiffs. AS these excerpts are neither certified nor authenticated, the court may not consider them. See Connecticut Practice Book 390; Gough v. Town of Fairfield, supra.
In order for a party to recover on a document that he cannot produce, "[s]uch party must demonstrate both (a) the former existence and the present unavailability of the missing document, and (b) the contents of the missing document." (Citations omitted.) Connecticut Bank Trust Co. v. Wilcox, 201 Conn. 570, 575, 518 A.2d 928 (1986). It is appropriate for the parties to bring to the court's attention any relevant evidence which the court may find persuasive in a dispute concerning the existence, loss or terms of a missing document. Id.; See also Central National Bank of New York v. Bernstein, 15 Conn. App. 90, 92,544 A.2d 239 (1988), cert. denied, 209 Conn. 807, 548 A.2d 444 (1988).
There is a factual dispute concerning the terms of the listing agreement.
Pezzello further argues that he is entitled to judgment as a matter of a law because, at all relevant times, he was acting in his capacity as an agent of his principal Ellis. Pezzello attached several documents to his memorandum which he argues support his contention that he was acting as an agent of Ellis. These include: excerpts from transcripts CT Page 1575 of his own testimony; excerpts from interrogatories; and an agreement between Ellis and Pezzello.
Ellis argues, in its memorandum in opposition to the Pezzello's motion for summary judgment, that there is a genuine issue of material fact as to whether Pezzello was acting as Ellis' agent when he entered into the listing agreement with the plaintiffs. Ellis attached, to its memorandum, an affidavit sworn to by John Ellis, wherein Mr. Ellis denies that Pezzello was acting as his agent.
A principal is bound by the acts of its agents committed within the scope of his actual or apparent authority. Newtown Assoc. v. Northeast structures, Inc.,15 Conn. App. 633, 526 A.2d 310 (1988). "An agent, by making a contract only on behalf of a competent disclosed principal whom he has the power to bind, does not thereby become liable for its nonperformance." Behlemer [Behlman] v. Universal Travel Agency, Inc., 4 Conn. App. 688, 496 A.2d 962 (1985). The nature and extent of an agent's authority is a question of fact. Bank of Montreal v. Gallo, 3 Conn. App. 268, 273,487 A.2d 1101 (1986).
There is a factual dispute as to whether Pezzello was acting as an agent of Ellis.
Therefore, because there is a genuine issue of material fact as to the terms of the listing agreement and as to whether Pezzello was acting as an agent of Ellis, then Pezzello's motion for summary judgment on count one of the plaintiffs' complaint is hereby denied.
II. The Plaintiffs' Second Count.
The plaintiffs allege fraudulent misrepresentation in the second count of their complaint. Pezzello argues that he is entitled to summary judgment on this count because the claim is barred by the applicable statute of limitations, General statutes 52-577 which provides: "No cause of action founded upon a tort shall be brought within three years from the date of the act or omission complained of."
Pezzello argues that the "act or omission" which the plaintiffs complain of is the alleged misrepresentation that the mortgage note was adequately secured. This alleged CT Page 1576 "act or omission" Pezzello argues occurred, at the latest, at the real estate closing which occurred in December, 1986. As the complaint in this action was not filed until November 22, 1991 more than three years later, the defendant concludes, the action is barred by General statutes 52-577.
"Claims based upon fraudulent misrepresentation are governed by the three year statute of limitations of General Statutes 52-577." (Citations omitted.) Day v. General Electric Credit Corp., 15 Conn. App. 677, 546 A.2d 315
(1988). The date of the "act or omission complained of" is the date of the defendant's alleged misconduct and not the date of the plaintiff's in jury. Prokolkin v. General Motors Corporation, 170 Conn. 289, 365 A.2d 1180 (1976).
More than three years had passed between Pezzello's alleged fraudulent misrepresentation and the filing of this suit. Because the plaintiffs have not pled any facts or submitted any evidence which would toll the running of the statute of limitations, such as the existence of a special relationship or fraudulent concealment, General Statutes52-577 bars the plaintiffs' fraudulent misrepresentation claim as to Pezzello.
CONCLUSION
The court hereby denies Pezzello's motion for summary judgment on the first count of the plaintiffs' complaint because there exists a genuine issue of material fact as to the terms of the listing agreement and as to whether Pezzello was acting as Ellis' agent.
The court hereby grants Pezzello's motion for summary judgment on count two of the plaintiffs' complaint because it is barred by General statutes 52-577.
Hurley, J.