[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (COLLI) MOTION FOR SUMMARY JUDGMENT (FILE #102)
This action is a suit based upon a promissory note; the defendants are Thistledown Building Corp. and George Colli (Vice President of Thistledown). The plaintiff is Crest Mechanical Contractors and Engineers, Inc., payee on the note. The one-count complaint, filed on August 20, 1993, alleges that on or about January 6, 1992, defendant Colli, "President and/or Vice President of Thistledown Building Corp.," executed a promissory note evidencing a debt of $15,838 payable to the plaintiff. The complaint further alleges that on October 27, 1992, plaintiff demanded payment on the note and the debt has remained unpaid.
On October 19, 1993, defendant Colli filed a motion for summary judgment asserting that as a matter of law, he is not personally liable on the note; said defendant filed a supporting memorandum of law, his own affidavit, and other pertinent documents. Plaintiff has not filed any documentation in opposition to this motion for summary judgment.
Connecticut Practice Book Section 379 et seq. provides that any party may move for summary judgment when the pleadings are closed, and judgment shall be rendered if the pleadings, affidavit(s), and supporting documentation establish that there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. cf. Daily c. New Britain Machine Co., 200 Conn. 562, 568-69 (1986). Summary judgment is a legal means for the disposal of cases in a more expeditious, less costly fashion. Yanow v. Teal Industries, Inc., 178 Conn. 262,269 (1979). "The summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279 (1989). On summary judgment, the court's proper function is to apply the rules of practice and determine "whether an issue of fact exists, but not to try that issue if it does exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1986); Michaud v. Gurney,168 Conn. 431, 433 (1975). The affidavit(s) submitted, CT Page 3349 documentation, and the pleadings are to be considered in determining whether there exists a genuine issue of fact. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12 (1983).
Practice Book Section 380 states that an adverse party shall file opposing affidavits and available documentary evidence prior to the time the summary judgment motion is set down on the short calendar; however, mere assertions of fact, whether contained in a pleading or a brief, are insufficient to establish issues of fact, and will not refute evidence properly presented to the court in accordance with the Practice Book provisions. Bartha v. Waterbury House Wrecking Co., supra at p. 11-12. "Once the moving party has presented evidence in support of a summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed issue." State v. Goggin, 208 Conn. 606,616 (1988). In matters presenting mixed questions of law and fact, summary judgment is normally inappropriate. Fogerty v. Rashaw, 193 Conn. 442, 446 (1984). A party moving for summary judgment must demonstrate that it is quite clear what the truth is, and that there does not exist any real doubt regarding the absence of any genuine issue of material fact. State v. Goggin, supra. The test is whether the moving party would be entitled to a directed verdict on the same facts as a matter of law. Nolan v. Borkowski, supra at p. 505. In short, the summary judgment motion is designed to dispose of actions in which there is no issue of any material fact. Michaud v. Gurney, supra at p. 433.
The promissory note on which this action is predicated, a copy of which is attached to plaintiff's complaint (appended thereto pursuant to Practice Book 141), is signed in the following manner:
Maker
For Thistledown Building Corporation:
 /s/ George Colli Date 1/28/92 George Colli VP For Thistledown Corp.
Holder
 /s/ Paul Breglio Date 1/7/92 Paul Breglio, President Crest Mechanical Contractors CT Page 3350 Engineers, Inc.
General Statutes Section 42a-3-402(b) provides, in pertinent part, as follows:
 (b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply: (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
In this complaint there is no allegation on which to premise individual liability on the part of Colli, nor is there any claim or suggestion that he lacked authority, as a corporate officer of Thistledown, to sign the instrument on behalf of the corporation. Paragraph #4 of the complaint alleges specifically that "[o]n or about January 6, 1962, the Defendant, George Colli, President and/or Vice President of Thistledown Building Corp., executed a promissory note in the original principal amount of . . . payable to the Plaintiff, Crest . . ."[1] Additionally, the uncontroverted affidavit of defendant Colli recites that the "purpose of the note was to evidence a debt of Thistledown Building Corp. and was executed for and on behalf of Thistledown and not as a debt of George Colli . . ." The form of the signatory portion of the note meets the requirement of Section 42a-3-402(b)(1) in that the defendant Colli's signature "unambiguously" shows that it was made on behalf of, and as a corporate officer of, Thistledown; under the quoted statute, defendant Colli did not incur personal liability on the signing of this promissory note as a corporate officer of Thistledown.[2]
The court finds: (1) with regard to the defendant George Colli, individually, the pleadings are closed;[3] (2) there exists no genuine issue as to any material fact (on the basis of the pleadings and documentation, it is clear that George Colli signed the promissory note in a representative capacity); (3) the defendant George Colli is not personally liable on the note upon which this suit is based; and, (4) the defendant George Colli, individually, is entitled to judgment as a matter of law. CT Page 3351
Accordingly, the defendant George Colli's motion for summary judgment is hereby Granted.
Mulcahy, J.