[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by plaintiff, Ann Green, against the defendant, City of East Haven, for personal injuries allegedly sustained as a result of a defective sidewalk located in East Haven.
Pursuant to Connecticut General Statutes § 13a-149, the plaintiff alleges that she tripped, fell, and sustained injuries because of a defect located in the sidewalk abutting Messina Drive, 75 feet east of the intersection with High Street.
General Statutes § 13a-149 imposes liability on municipalities for injuries or damages caused by defective highways, bridges or sidewalks. Ryszkiewicz v. City of New Britain, 193 Conn. 589, 594,479 A.2d 793 (1984). The duty imposed on the municipality by the defective highway statute is to exercise reasonable care to make and keep its roads in a reasonably safe condition for a reasonably prudent traveler. Donnelly v. Ives, 159 Conn. 163, 167,268 A.2d 406 (1970).
The word "road" as used in General Statutes § 13a-149 has usually been construed to include a sidewalk. Hornyak v.Fairfield, 135 Conn. 619, 621, 67 A.2d 562 (1949). Connecticut courts have strictly interpreted this provision and have held that General Statutes § 13a-149 is the exclusive remedy for damages resulting from injury to any person or property by means of a defective road or bridge. Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991); Cook v.Turner, 219 Conn. 641, 643, 593 A.2d 504 (1991). CT Page 9208
The court must determine whether, as a matter of law, the notice in question patently meets or fails to meet, the statutory requirements of Connecticut General Statutes § 13a-149. Connecticut courts have repeatedly stated five essential elements of adequate notice. These requirements are:
 1. written notice of injury within 90 days of said injury;
2. a general description of said injury;
 3. the defect or improper condition which caused said injury;
4. the time of said injury;
5. the place of said injury.
Shine v. Powers, 37 Conn. Sup. 710, 711 (1981).
 "This is a statutory action pursuant to § 13a-149 of the General Statutes, not available to the plaintiff under the common law. Compliance with this statute is a condition precedent to the action itself. (Citation omitted.) In order to recover against a municipality pursuant to this statute, a plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence. Lukas v. New Haven, 184 Conn. 205, 207, 439, A.2d 949 (1981)." CT Page 9209
Shapiro v. Hartford, 4 Conn. App. 315, 317.
 "The duty of a city is not to exercise reasonable care to make its streets and sidewalks entirely safe for passersby, but only to make them reasonably safe."
Lovell v. Bridgeport, 116 Conn. 565, 568.
 "To state as a legal proposition, even in general terms, what constitutes such a defect in a highway as will render a municipality liable because of injuries resulting therefrom is difficult, each case depending to a considerable extent upon its own peculiar circumstances. As good an approximation thereto as has been attained maybe said to be that it is such an object or condition in, upon or near the traveled path as would necessarily obstruct or hinder one in its use for the purpose of traveling, or which from its nature and position would be likely to produce that result or injury to one so traveling upon it. (Citations omitted.) A municipality is not an insurer against accidents occurring on its highways; its duty is not to make its streets and sidewalks entirely safe for users thereof, or even to exercise reasonable care to do so, but only to use reasonable care to make and keep them in a reasonably safe condition for travel."
Older v. Old Lyme, 124 Conn. 283, 284.
The court heard testimony from the plaintiff on the nature of the alleged defect. She had passed over the same sidewalk for 2-3
times a week for a period of six years. She had a habit of looking for the traffic light as she walked along. Sometimes she would cross the street (Messina Drive); otherwise, she would go up to the corner. She was heading for the bus stop on Main Street. She said, "I tripped" as she lay on the pavement. She was wearing shoes that had a 1-1/2" heel. She returned to the site where she fell, at about 6:30 P.M., and had her husband take photographs of the pavement. She estimated the gap between the pavement as 1" — CT Page 92101-1/2".
The defense called Inspector Richard Guebessa, who had investigated the complaint. At 75' from the intersection, he found no defect. At points 20' from the intersection and at 38' from the intersection he found the pavement to be raised 1/4" — 1/2". The picture of the alleged site was at 38'. He paced the distance, which was the method used by the husband.
A review of the photographs show the pavement started to rise from the level, increased to the outside of the pavement. It was imperceptible halfway — or in the middle way of the walkway.
 "It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence."
Edgewood Construction Co. v. West Haven Redevelopment Agency,170 Conn. 271, 272, 365 A.2d 819.
 "An inch on the end of a man's nose might be a lot, but a differential in grade level of not more than that between adjoining sidewalk (climate, building changes, progress, etc. all considered) cannot be held to constitute a defect in the significance intended by the statute and running through the definitions in every case reaching our Supreme Court."
Hartung v. City of Meriden, 8 Conn. Sup. 54, 55.
The court finds that there was no defect in the sidewalk. The court further finds that the plaintiff was contributorily negligent, in that she looked for the traffic light at the intersection, rather than observing the payment.
Judgement may enter for the defendant.
Robert P. Burns, Judge