[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 30, 1994, the plaintiff, Gregg Kaplan, filed a two count complaint against the defendant, Curtis Ivey. Count one alleges default on a promissory note and count two alleges unjust enrichment. The facts as alleged in the complaint are as follows. On March 21, 1991, the defendant promised to pay an amount in an existing account, held by the defendant, to the plaintiff. On December 23, 1993, the plaintiff and defendant entered into an agreement fixing the principal amount at $640,000, and providing for payment in twelve equal installments of $53,333.33 beginning January 1, 1994. The defendant paid the installments until May 1994. Subsequently, the defendant paid $30,000 in June, and $40,000 in July. The defendant has not paid the arrearage or any subsequent installments.
On October 12, 1994, the defendant filed a motion to strike counts one and two on the grounds of misjoinder, nonjoinder of a necessary party, and legal insufficiency. The defendant also filed a supporting memorandum of law. The plaintiff filed a memorandum in opposition on November 15, 1994, while the defendant filed a reply brief on November 21, 1994.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. (quotation marks omitted.) Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." CT Page 2890S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1933). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group, Inc., supra, 224 Conn. 215.
The defendant argues that counts one and two of the plaintiff's complaint are legally insufficient because the note and exhibit attached to the complaint identify the parties to the note as the plaintiff, and C. Ivey Co., a nonparty.[1] The defendant contends that the plaintiff has not alleged any facts showing the defendant's liability on the note. The plaintiff maintains that the signature on the note was not made in any representative capacity, therefore, the defendant is personally liable.
In regard to negotiable instruments, General Statutes § 42-3-402 provides in pertinent part that: "(b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply: (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument. (2) Subject to subsection (c), if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (ii) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument. With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument. . . ."
The Appellate Court stated, in interpreting Section 3-403 of the Uniform Commercial Code, that "even an authorized agent who signs his own name to a note is personally obligated if the the Uniform Commercial Code, that "even an authorized agent who signs his own name to a note is personally obligated if the instrument neither names the person represented nor shows that the signer signed in a representative capacity. Except as otherwise established between the immediate parties, the agent is also personally obligated if the person represented is named but the representative capacity of the agent is not shown, or if the CT Page 2891 representative capacity of the agent is shown but the person represented is not named." Central National Bank of New York v.Bernstein, 15 Conn. App. 90, 94, 544 A.2d 239, cert. denied,209 Conn. 806, 548 A.2d 436 (1988).
In the context of a written agreement, the Appellate Court inNortheast Gunite Grouting Corp. v. Chapman, 20 Conn. App. 201,565 A.2d 265 (1989), upheld the trial court which found the defendant personally liable although the business name appeared in the agreement because there was no indication that it was a corporation, and the signature does not indicate that it was made in a representative capacity because there was no title affixed underneath. Id., 204. Furthermore, Superior Courts have held individuals liable when they have not identified their representative capacity; T.P. Brewer Construction Corp., Inc. v. FGAssociates, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 507885 (June 21, 1993, Hale, S.T.R.), appeal dismissed, 34 Conn. App. 714, 643 A.2d 308 (1994) (personal liability found on a contract); and denied individual liability when that representative capacity has been shown. CrestMechanical Contractors and Engineers, Inc. v. Colli and ThistledownBuilding Corp., 9 CSCR 289 (February 25, 1994, Mulcahy, J.) (in context of a negotiable instrument); 777 State Street ExtensionAssoc. v. Salkovitz, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 911201491 (May 6, 1992, Leheny, J.) (regarding a lease agreement); Murphy v. Strol, Superior Court, Judicial District of Litchfield, Docket No. 051240 (March 1, 1991, McDonald, J.) (negotiable instrument).
In the present case, the signature appears as follows:
C. Ivey Co.
By: signature
Curtis L. Ivey
The signature does not show the capacity in which the defendant signed, nor does it show with certainty that C. Ivey 
Co. is in fact a corporation. Therefore, the defendant may be personally liable on the note. Whether the defendant did not sign in an individual capacity is a question of fact and is not appropriately decided on a motion to strike. The plaintiff has alleged that the defendant was a maker of a note, and that the defendant defaulted on that note. The agreement incorporated into CT Page 2892 the complaint does not make those allegations legally insufficient.
The defendant also argues that the plaintiff has not alleged that the note sued upon is a negotiable instrument, and that General Statutes § 42-3-402 applies to negotiable instruments. However, the plaintiff does not base his cause of action upon the statutory provisions relating to negotiable instruments as the agreement provides that it is unassignable. Rather, it is found that the plaintiff's reference to General Statutes § 42a-3 in his brief is to demonstrate that there is a genuine issue of material fact as to whether the note was signed by the defendant in an individual or representative capacity.
The defendant also contends that the plaintiff's complaint should be stricken for failure to join a necessary party. The plaintiff maintains that the defendant is the only proper party to the action.
Necessary parties are defined as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. . . . In short, a party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Citations omitted; internal quotation marks omitted.) Biro v. Hill, 214 Conn. 1, 5-6,570 A.2d 182 (1990). Practice Book § 152 provides in part that "[a] motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action."
The defendant has not provided the information required by Practice Book § 152 and the defendant's motion could be denied on procedural grounds. See Valley Forge Insurance, Co. v. Terribile, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 451158 (December 10, 1992, Langenbach, J.);Jacob v. Seaboard, Inc., Superior Court, Judicial District of New Haven, Docket No. 317165 (March 3, 1992, Hadden, J.). In addressing the merits of the defendants motion, the defendant argues that the maker of the note was C. Ivey Co., Inc., and CT Page 2893 therefore, C. Ivey Co. is a necessary party. However, the "Inc." which the defendant adds to C. Ivey Co. in his memorandum of law does not appear anywhere on the note or agreement attached to the complaint. From the face of the pleadings, it is not apparent whether C. Ivey Co. is a corporation or otherwise and therefore, construing the facts most favorably to the plaintiff, the defendant has not established that C. Ivey Co. is a necessary party. SeeManiscalco v. Bleiman, Superior Court, Judicial district of Fairfield at Bridgeport, Docket No. 304573 (August 20, 1993, Fuller, J.).
The defendant has also moved to strike on the ground of misjoinder.
However, misjoinder applies to causes of action that cannot be properly joined in the same complaint, not to the defendant against whom those causes of action may be alleged. See Practice Book § 152. See Clark v. Gangemi, Superior court, Judicial District of Fairfield at Bridgeport, Docket No. 310266 (June 15, 1994, Damiani, J.).
Therefore, the plaintiff has sufficiently alleged a cause of action on the note, that from the facts alleged the plaintiff has not failed to join a necessary party, and that misjoinder does not apply to the defendant. Accordingly, the defendant's motion to strike is denied.
KARAZIN, J.