■ BBTOD, Inc., Respondent, v FTS International, Inc., et al., Defendants, and Shlomo Greenberg, Appellant. [807 NYS2d 379]—

In an action, inter alia, to recover damages for breach of contract, the defendant Shlomo Greenberg appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Queens County (Weiss, J.), dated May 23, 2005, as granted that branch of the plaintiff's motion which was for summary judgment against him, and (2) an order of the same court dated July 11, 2005, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 23, 2005, is dismissed, as the portion of the order appealed from was superseded by the order dated July 11, 2005, made upon reargument; and it is further,

Ordered that the order dated July 11, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Uniform Commercial Code § 3-403 (2) (b) provides that: "[a]n authorized representative who signs his own name to an instrument . . . except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

The plaintiff established its prima facie entitlement to summary judgment against the appellant by demonstrating that the appellant was personally liable since he signed his name to corporate checks without indicating whether he did so in his representative capacity (*see* Uniform Commercial Code § 3-403 [2] [b]; *Rotuba Extruders v Ceppos*, 46 NY2d 223 [1978]; *Tropical Ornamentals v Visconti*, 115 AD2d 537 [1985]). In response, the appellant's self-serving allegation that he only intended to sign the checks in his representative capacity was insufficient to raise a triable issue of fact (*see Rotuba Extruders v Ceppos, supra* at 229; *Tropical Ornamentals v Visconti, supra*).

Therefore, upon reargument, the Supreme Court properly adhered to its original determination granting summary judgment to the plaintiff against the appellant.

The appellant's remaining contention is without merit. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.